In the Matter of the Will of ELLA NEHER, Deceased. VILLAGE OF RED HOOK, Appellant; JOHN J. BENNETT, JR., as Attorney-General of the State of New York, et al., Respondents.

·. Argued November 23, 1938; decided January 10, 1939.

*Elijah T. Russell* for appellant. The court has ample power to allow the relief asked. (Cons. Laws, ch. 50, § 113, subd. 2; Bogert on Trusts, § 431, pp. 1289, 1310, 1320; *Trustees of Sailors' Snug Harbor* v. *Carmody*, 211 N. Y. 286.)

*John J. Bennett, Jr., Attorney-General* (*Robert P. Beyer* of counsel), for respondent. The application of the *cy pres* doctrine does not authorize the use of the trust property for any other purpose than that of rendering hospital or medical care and attention. (*Matter of MacDowell*, 217 N. Y. 454; *Matter of Swan*, 237 App. Div. 454; *Matter of Gary*, 248 App. Div. 373; 272 N. Y. 635.)

*Edward C. O'Connell*, as special guardian for Eleanor Martin, respondent. The Surrogate has no power to change the terms of the trust and thus nullify the general

purpose of the devise. (*Matter of Mahlstedt,* 140 Misc. Rep. 245; *Torrey* v. *Day,* 81 Misc. Rep. 39; *Matter of Davis,* 77 Misc. Rep. 72; *Hull* v. *Pearson,* 36 App. Div. 224.) The Surrogate cannot change the terms of the will and thus defeat the general intent of the testatrix. (*Loch* v. *Mayer,* 50 Misc. Rep. 442; *Matter of Donchian,* 120 Misc. Rep. 535; *Nichols* v. *N. Y. & Erie R. R. Co.,* 12 N. Y. Supp. 121; American Law Institute, Restatement of Law of Trusts, ch. 11, § 399, pp. 1211, 1214, 1215.)

*Frederick L. Conklin* for Harry Miller, respondent.

LOUGHRAN, J. The will of Ella Neher was admitted to probate by the Surrogate's Court of Dutchess county December 22, 1930. Paragraph 7 thereof made these provisions: " I give, devise and bequeath my home in Red Hook Village, on the east side of South Broadway, consisting of house, barn and lot of ground * * * to the incorporated Village of Red Hook, as a memorial to the memory of my beloved husband, Herbert Neher, with the direction to said Village that said property be used as a hospital to be known as ' Herbert Neher Memorial Hospital.' The trustees of the Village of Red Hook, consisting of the President and the Trustees, shall constitute the managing board with full power to manage and operate said hospital as they deem wise for the benefit of the people of Red Hook, and each succeeding Board of Trustees shall constitute the Board of Trustees for said hospital, so that any person duly elected and qualified or duly appointed and qualified as a President or Trustee of the said Village of Red Hook shall be a trustee of said hospital during such person's lawful term of office, and shall be succeeded as a trustee on the hospital board by his successor on the Village Board."

All her other estate Mrs. Neher gave to relatives and friends.

On September 1, 1931, the trustees of Red Hook (hereinafter called the village) resolved to " accept the

real property devised and bequeathed by the Will of Ella Neher, deceased, according to the terms of the Will of said Ella Neher."

In March, 1937, the village presented to the Surrogate's Court its petition asserting that it was without the resources necessary to establish and maintain a hospital on the property devised to it by the testatrix and that a modern hospital theretofore recently established in the neighboring village of Rhinebeck adequately served the needs of both communities. The prayer of this petition was for a decree " construing and reforming paragraph Seven of the last Will and Testament of said decedent directing and permitting your petitioner to receive said property and to erect and maintain thereon a building for the administration purposes of said Village to be known and designated as the Herbert Neher Memorial Hall, with a suitable tablet placed thereon expressing such memorial."

This petition the Surrogate denied on the single ground " that to read into the will a general intention to devote the property to charitable purposes instead of an intention to limit the use of the property to the operation of a hospital, would do violence to the expressed testamentary design of Mrs. Neher." The Appellate Division has affirmed the Surrogate. The village brings the case here by our leave.

This gift was not a gift to a particular institution. There was to be no singular object of the bounty. This gift was one to a whole community —" to the incorporated Village of Red Hook." The idea initially expressed by the testatrix was that her home should be dedicated to the village in the name of her husband. The only question is whether this first stated design of beneficence at large is necessarily to be denied prime import, because of the words that immediately follow — " with the direction to said Village that said property be used as a hospital to be known as ' Herbert Neher Memorial

Hospital.'" This last phrase, it is to be noticed, gave no hint in respect of a predilection for any certain type of the manifold varieties of medical or surgical care. Nor did the will make any suggestion as to management or control, save that the village trustees (as such) were designated as a governing board. So great an absence of particularity is a strong circumstance against the view that the instruction of the testatrix was of the substance of the gift.

When paragraph 7 of the will is taken as a whole, the true construction, we think, is that the paramount intention was " to give the property in the first instance for a general charitable purpose rather than a particular charitable purpose, and to graft on to the general gift a direction as to the desires or intentions of the testator as to the manner in which the general gift is to be carried into effect." (PARKER, J., in *Matter of Wilson*, [1913] 1 Ch. 314, 321.) Such a grafted direction may be ignored when compliance is altogether impracticable and the gift may be executed *cy pres* through a scheme to be framed by the court for carrying out the general charitable purpose. (See Real Prop. Law [Cons. Laws, ch. 50], § 113, subd. 2; *Sherman* v. *Richmond Hose Co.*, 230 N. Y. 462, 472, 473; *Matter of Gary*, 248 App. Div. 373; 272 N. Y. 635; American Law Institute, Restatement of Law of Trusts, § 399, Comment at p. 1211.)

We express no opinion as to the other questions stated but not passed upon by the Surrogate.

The order of the Appellate Division and the decree of the Surrogate's Court should be reversed and the matter remitted to the Surrogate's Court for further proceedings in accordance with this opinion, without costs.

CRANE, Ch. J., HUBBS and FINCH, JJ., concur; LEHMAN, O'BRIEN and RIPPEY, JJ., dissent.

Ordered accordingly.