In the Matter of the Petition of CHARLES S. CHADWICK, as a Legatee, to Open and Modify a Decree Made and Entered in the Matter of the Judicial Settlement of the Account of Proceedings of CHARLES S. CHADWICK and HIRAM AUSTIN TUTTLE, as Executors of the Last Will and Testament of AUSTIN B. FLETCHER, Deceased, and to Construe the Said Will.*

CHARLES S. CHADWICK, Appellant; TRUSTEES OF THE FLETCHER HOSPITAL and the ATTORNEY-GENERAL OF THE STATE OF NEW YORK, Respondents.

First Department, April 19, 1940.

* Revg. 173 Misc. 711.

*Harold R. Medina* of counsel [*William Russell Bogert* and *John W. Jordan* with him on the brief; *William Russell Bogert*, attorney], for the appellant.

*Thomas V. Tozzi* of counsel [*T. Emory Clocke*, attorney], for the respondent Trustees of the Fletcher Hospital.

UNTERMYER, J.  Austin B. Fletcher died on July 5, 1923.  His will was probated on January 3, 1924.  By paragraph Fifth he directed payment of $100,000 to trustees to establish and maintain a hospital in the town of Franklin, Mass., to be known as the Fletcher Hospital.  Paragraph Fifth also provided: " It is my wish that this fund may be allowed to accumulate within the lawful discretion of the Board of Trustees, and that they may buy suitable land, and complete the hospital building within ten years from the time of my death * * *."  The executors, Chadwick and Tuttle, accordingly paid to the Trustees of the Fletcher Hospital, a Massachusetts corporation organized for the purpose of receiving the fund, the sum of $100,000 and were credited for that payment in a decree entered on May 25, 1926, in an accounting proceeding in the Surrogate's Court, New York County.

By paragraph Fourteenth of his will the testator provided that if any of the bequests should " for any reason, be declared illegal or inoperative, I make a bequest or bequests of the same amount or values to Charles S. Chadwick, to be his and at his disposal."  In June, 1937, the petitioner Chadwick received notice that the fund bequeathed by the testator for the erection and maintenance of a hospital in Franklin was wholly inadequate for that purpose and that the Trustees of the Fletcher Hospital proposed to file a petition to permit the income of the fund to be applied under the *cy pres* doctrine to other similar purposes.  Thereupon Chadwick commenced this proceeding to open and modify the decree of May 25, 1926, requesting a declaration that the bequest contained in paragraph Fifth of the will was inoperative; that he was entitled to the fund with the accumulations, and for a direction to the Trustees of the Fletcher Hospital to make payment forthwith to him.  The

trustees answered, invoking the *cy pres* doctrine, coupled with a prayer that the relief sought by the petitioner be denied. They also asserted that the decree of May 25, 1926, in the accounting proceeding was *res adjudicata* between the parties and that the petitioner was guilty of laches.

The Court of Appeals, in construing the will in this proceeding, held (*Matter of Fletcher*, 280 N. Y. 86) that since the fund at no time was sufficient to render operative the provisions of paragraph Fifth of the will, it never vested in the trustees and that " in view of the testator's command in paragraph ' fourteenth,' the doctrine of *cy pres* cannot attach." Accordingly it declared that the gift had vested in Chadwick at the time of the testator's death, and remitted the matter to the Surrogate's Court to proceed in accordance with its opinion. The trustees then moved to amend the remittitur to indicate that only the question of construction was passed upon. The motion was " denied as unnecessary," the court stating (280 N. Y. 800): " This court by its decision passed solely upon the construction of the will. Other questions are left open."

Thereafter an order was entered on remittitur which gave effect to the decision of the Court of Appeals on the question of the construction of the will and restored the matter to the calendar for determination of all other undetermined issues. By stipulation those issues were submitted to the surrogate on the record on appeal in the Court of Appeals, the prior accounting of the executors as settled by the decree of May 25, 1926, and upon the papers submitted on the application to amend the remittitur in the Court of Appeals. On the issues thus presented, a decree has been made which denies the claim of Chadwick to the fund.

In so far as the claim of *res adjudicata* is concerned, it is sufficient to say that it does not apply to the petitioner's application to open and modify the decree of May 25, 1926. (See Surr. Ct. Act, § 20, subd. 6, and § 40.) Such an application is made in the original proceeding and should not be confused with a contest involving the same issue between the same parties in different litigation. We think that under the circumstances of the present case that application should have been granted and that it is not barred by any laches of the petitioner. In this connection it must be remembered that by the terms of the will the trustees were authorized to allow the fund of $100,000 to accumulate with interest for a period of ten years. Until the expiration of that period neither the size of the fund nor the cost of the hospital could be definitely known, since the former depended principally upon future rates of interest and the latter upon construction costs and other unknown, and unknowable, conditions. The petitioner, therefore, cannot be

charged with any want of diligence in refraining from making an effort to secure this fund for his own benefit until the ten-year period prescribed by the testator had expired and the trustees had disclosed their inability to carry into effect the testator's charitable intent.

The decree, so far as appealed from, should be reversed and the matter remitted to the Surrogate's Court, with instructions to enter a decree directing payment of the fund with accumulations to the petitioner, with costs to the appellant payable out of the estate.

MARTIN, P. J., O'MALLEY, TOWNLEY and GLENNON, JJ., concur.

Decree, so far as appealed from, unanimously reversed, with costs to the appellant payable out of the estate, and the matter remitted to the Surrogate's Court for further action in accordance with opinion.