Dowling, J.
On May 17, 1941, Josephine Rupprecht of Batavia, New York, executed her last will and testament naming the Security Trust Company of Rochester, New York, as her executor. She died at Batavia, New York, on May 26,1944. Her will was admitted to probate in the Surrogate’s Court of Genesee County, New York, on April 9, 1945. The Security Trust Company of Rochester, New York, qualified as executor and has since acted in that capacity. At the time of her death, the testatrix owned certain real property fronting on Ellicott and Evans Streets, Batavia, New York and certain personal property. Her total estate amounted to at least $140,000. By her will the testatrix bequeathed and devised all of her property, both real and personal, to a corporation to he thereafter formed by her executor and by her attorney whom she had named in the will and she directed her executor and her attorney, as soon as practicable after her death, and during the lives of Cyrus Corp and Frances Corp of Batavia, or the longer liver of them, to form said corporation under the laws of New York to be known as “ The George Rupprecht Orphan Asylum of Batavia, N. Y. ” with proper powers for the purpose of establishing an asylum to he maintained as a home for indigent Protestant orphan girls under sixteen years of age and bona fide residents of Genesee County. The testatrix provided that the asylum should be erected on two vacant lots owned by her on Ellicott Street and that not more than one fourth of her estate should be expended in the erection of such asylum. The testatrix further directed that “ The said asylum shall be entirely under Protestant management and control”. The testatrix also directed that the name of the corporation be built into the face of the building in a conspicuous place and that a tablet he placed in the main entrance hall with a suitable inscription thereon to the effect- that the asylum was established as a memorial to the testatrix’ father and mother. The testatrix further directed that the rector, for the time being, of St. James Episcopal *379 Church of Batavia shall be a director of the corporation and that all of the directors and all persons having any control, management or supervision of the asylum at any time shall be Protestants and that a majority of the directors shall be residents of Batavia. The executrix also provided that no part of her real property lying south of Ellicott Street or on either side of Evans Street should be sold to any Catholic or to any organization, society or denomination for use or to be used in connection with or for the Roman Catholic Communion or faith and that any sale of such property should be made subject to such restrictions and that in case of any sale made contrary to such directions and restrictions, the real property so sold should revert to and belong to the rector, wardens and vestrymen of St. James Episcopal Church in Batavia, New York. The testatrix gave and bequeathed, between the date of her death and the formation of the corporation, the income of all of her property to the rector, wardens and vestrymen of St. James Episcopal Church in Batavia, New York.
In May, 1946, the executor presented to the Surrogate’s Court of Genesee County a petition showing, in substance: (a) That conditions had so changed since the execution of the will as to render impracticable and impossible a literal compliance with the terms of the will, (b) The premises assigned for the building of the asylum were not suitable for that purpose, (c) There is no demand for such an asylum as there are practically no Protestant orphan girls in indigent circumstances in Genesee County, (d) Section 35 of the Social Welfare Law of the State of New York provides that no certificate of incorporation shall hereafter be filed which includes among its purposes the care of destitute or dependent children except with the approval of the State Board of Social Welfare and of a justice of the Supreme Court indorsed on or annexed to the certificate of incorporation and that petitioner is advised that the State Board of Social Welfare will not give its approval for the establishment of such an asylum, (e) That, after expending one fourth of the estate for the erection of an asylum building, the amount left for the maintenance and operation of the asylum would not exceed $100,000 and that the income therefrom would be insufficient for the purpose intended. The petitioner prayed for a decree directing the disposition and use to be made of the estate and that a citation issue to all interested parties. Upon the petition the Surrogate ordered that a citation issue to the Attorney-General of the State of New York, to the distributees of the testatrix in case of her intestacy and to St. James Epis *380 copal Church of Batavia, New York. On the return day of the citation the cited parties appeared and filed answers to the petition. All parties agreed that the corporation mentioned in the will could not be formed. The distributees alleged that the trust sought to be set up in the will was not a general charitable gift or trust within the meaning of section 12 of the Personal Property Law or section 113 of the Real Property Law; that the trust was a specific trust for a specific purpose and not of a general charitable nature and that the testatrix died intestate and that her estate passed to them as the next of kin and distributees of the decedent. St. James Episcopal Church, hereafter called “ The Church ”, alleged that the testatrix established a general, charitable or benevolent trust for the well being of humanity, or of a part thereof, and it prayed that the estate be turned over to it for administration pursuant to a plan set forth in its answer. The Attorney-General answered asking that the petition be dismissed and that the will be carried out according to its terms. The Children’s Home'Association of Genesee County, Batavia, New York, was allowed to appear and file a brief as a friend of the court.
The learned Surrogate took the proofs of the parties, rendered his decision and made a decree sustaining the allegations of the petition, decreeing that the gift and grant was for a general charitable purpose and not for a selfish one and awarding the charitable devise in the will to the Children’s Home Association of Genesee County as the one that can as nearly as possible best carry out and administer the intention and plan of the testatrix. The distributees have appealed from the decree as a whole. “ The Church ” has appealed from so much of the decree as appointed the Children’s Home Association of Genesee County to administer the trust and to receive the property. The Attorney-General and the executor have not appealed.
We agree with the decision of the learned Surrogate that the gift and grant was for a charitable purpose and not for a selfish purpose; that circumstances have so changed since the making of the will that the trust cannot be carried out according to the provisions of the will; that the site for the asylum designated in the will is unsuitable for the purpose intended and that the doctrine of cy pres should be applied as provided in section 12 of the Personal Property Law and section 113 of the Real Property Law. But we do not agree that the appointment of the Children’s Home Association of Genesee County to receive and administer the devise will most effectually accomplish the general purpose of the will, and for the following reasons: The *381 Board of Managers of the Children’s Home Association of Genesee County is comprised of persons of different religious beliefs, including Catholics. That institution is nonsectarian. The children in that institution associate together and will continue to do so in the future. Some of the servants employed there are Catholics. The construction of a wing to the present building of the Children’s Home Association as provided in the decree would serve no useful purpose, would be a waste of estate funds and would be in direct opposition to the express instructions of the testatrix and the express provisions of her will. The beneficiaries of the trust are, and probably will be, so few in number that a building to house them is not necessary as they can be cared for in private homes which is the modern and approved practice. The testatrix intended that no one but members of the Protestant Episcopal faith should administer the trust or have contact with its beneficiaries.
We think the trust could best be received and administered by the rector, wardens and the vestrymen of St. James Episcopal Church of Batavia, New York, and their lawful successors. Their appointment would most effectually accomplish the general purpose of the will and of the testatrix and this is the test provided by subdivision 2 of section 12 of the Personal Property Law and subdivision 2 of section 113 of the Beal Property Law. Upon failure to form the corporation as provided in the will, the will itself indicates the appointment of the rector, wardens and vestrymen of St. James Episcopal Church. “ The intention of a will-maker is to be found in the words used in the will, and when these are clear and definite there is no power to change them ”. (Matter of Watson, 262 N. Y. 284, 293.) “ The fact that a charity is also intended as a private memorial does not impair its public character or legal validity. (Jones v. Habersham, 107 U. S. 174, 189.) The courts are not concerned with the motive of the creator of the trust, but only with the question of the benefits that will accrue to the public.” (Matter of Everson, 268 App. Div. 425, 430, affd., 295 N. Y. 622.) The dominating and pervading purpose of the testatrix was to provide care and a home for indigent orphan Protestant girls under sixteen years of age who are residents of Genesee County. Such purpose is a broadly, benevolent and charitable one. (Matter of Swan, 237 App. Div. 454, 458, affd. sub nom. Matter of St. John’s Church of Mt. Morris, 263 N. Y. 638.) The gift here was for a particular charitable purpose definitely specified in the will and the trust cannot be unhitched from that purpose as was done in Matter of Neher (279 N. Y. 370, 374).
*382 The. will contains no residuary clause. Inasmuch as the corporation specified in the will cannot be formed, there is no trustee competent to take under the will, hence the trust vested in the Supreme Court. (Personal Property Law, § 12, subd. 1; Real Property Law, § 113, subd. !.)■ The Supreme Court alone has the power to appoint such a trustee. (See Note of Commission, Combined Reports of the Decedent Estate Comm. [Reprint ed.], pp. 435-436, N. Y. Legis. Doc., 1931, No. 69; Kingsbury v. Brandegee, 113 App. Div. 606, 611-612; Matter of Winburn, 139 Misc. 5, 9.) A corporation is not necessary for the execution of the trust in question. (Allen v. Stevens, 161 N. Y. 122,147.)
An order should be entered in this court appointing the present rector, wardens and vestrymen of St. James Episcopal Church and their lawful successors as trustees under the will of Josephine Rupprecht.
The decree should be modified by striking out all the ordering paragraphs thereof and by inserting in place thereof the following:
“ Adjudged and decreed that the trust created by the will of Josephine Rupprecht is a general charitable trust and not a selfish trust; that circumstances have so changed since the execution of the will as to make impracticable and impossible a literal compliance with the terms of the will; that the corporation directed to be formed in the will cannot be formed because of the fact that the State Board of Social Welfare will not give its consent to the filing of such a certificate of incorporation as provided in subdivision 1 of section 35 of the Social Welfare Law; that the administration of the trust.by the Rector, Wardens and Vestrymen of St. James Episcopal Church of Batavia, New York, and their lawful successors, trustees heretofore appointed by the Supreme Court, would most effectually accomplish the general purposes of such devise; that the devise shall be administered by the said trustees and their lawful successors without regard to and free from any specific restriction, limitation or direction contained in the will of Josephine Rupprecht deceased; that said trustees and their lawful successors be and hereby are appointed to receive and administer such devise and said trustees and their lawful successors be and hereby are vested with the title to the property comprising said devise and with the income therefrom as provided in the will of the testatrix.”
The Surrogate had the power to entertain this proceeding though no trustee had been appointed to execute the trust since *383 the executor had the custody of the trust property. (Personal Property Law, § 12, subd. 2; Real Property Law, § 113, subd. 2.) The Surrogate has the power to direct how the bequest shall be administered or expended as in his judgment will most effectually accomplish the general purposes of such bequest.
The matter should be remitted to the Surrogate’s Court of Genesee County for the entry of a decree in keeping with this opinion and in such decree the learned Surrogate shall give such instructions to the trustees for the administration of the trust as in his judgment will most effectually accomplish the general purposes of the bequest.
A certain finding of fact should be disapproved and reversed and new findings made.
Let decree enter accordingly, with costs to all parties filing briefs payable out of the estate.
All concur. Present — Taylor, P. J., Dowling, Harris, McCtjrn and Love, JJ.
Decree modified on the law and facts in accordance with the opinion, arid as modified affirmed, with costs to all parties filing briefs payable out of the estate. Certain finding of fact disapproved and reversed and new findings made.