In the Matter of the Construction of the Will of ALICE L. F. S. KOONS, Deceased.

Surrogate's Court, Ulster County, December 13, 1954.

*Robert L. Smith* for S. Joseph Oxenberg and others, as assignees for the benefit of creditors of Drew Seminary for Young Women, petitioners.

*J. Kenneth Murray* for Division of World Missions of Board of Missions of the Methodist Church, respondent.

*Lloyd R. Le Fever* for Home for the Aged of Kingston, N. Y., respondent.

STERLEY, S.   This is a proceeding brought by the petitioners for a determination of the validity, construction and effect of paragraph " Second " of the last will and testament of Alice L. F. S. Koons, deceased.

Paragraph " Second " of the said last will and testament provides a bequest to the Drew Seminary for Young Women of Carmel, New York, of the sum of $5,000 in trust for certain specific uses.   The " Second " paragraph of said will reads as follows:

" *Second:* After his death, I give to the Drew Seminary for Young Women of Carmel, New York, in memory of my daughter, Marie C. Scofield, who graduated from said school in 1909, the sum of five thousand dollars, ($5,000.00), in trust for the following uses and purposes, viz: to invest the same in good and lawful securities and the annual income therefrom to be used towards the education of some girl from Ulster County, the towns of Lloyd and Marlborough to have preference, who desires later to take up missionary work.

" In case there is no such girl in Ulster County who desires later to take up missionary work, then the income is to be paid to the Board of Foreign Missions until such time as there may be some girl in said County of Ulster who desires to attend said school for the purpose of later taking up missionary work.

" I also give an enlarged picture of my said daughter to the said school, with the request that it be hung in some suitable place in said school."

Paragraph " Eighteenth " of the will gives all the rest, residue and remainder of the estate of the testatrix " including any portion ineffectually disposed of " to the trustees to pay the income to the grandchildren of Cornelius Wurts and at the death of each grandchild to pay the corpus to his descendants.   In default of said descendants the residuary estate is to be paid to and vest absolutely in the Home For The Aged of Kingston, N. Y.   At the date of the petition the said Cornelius Wurts had

surviving only one grandchild, namely, Miss Nellie L. Owen, unmarried. The other grandchildren died leaving no descendants. Therefore, the Home For The Aged of Kingston, N. Y., would be entitled eventually to the residuary of decedent's estate.

The said bequest of $5,000 was paid over to the Drew Seminary for Young Women of Carmel, New York, according to the terms of the will. The said Drew Seminary never carried out the terms of said trust. The bequest was deposited in a bank, the income therefrom used for general purposes of the said Drew Seminary and no part of the said income was ever used for the education of a girl, from Ulster County, who decided later to take up missionary work; neither was any part of said income ever paid to the Board of Foreign Missions or to the respondent, Division of World Missions of the Board of Missions of the Methodist Church.

Subsequently, the Drew Seminary for Young Women of Carmel, New York, by assignment for the benefit of creditors, dated July 26, 1952, turned over its assets to the said assignee and the said sum of $5,000, together with the accumulated interest, is now on deposit with the Putnam County National Bank of Carmel, New York. The petitioners herein have asked for a determination of the disposition of said sum according to the terms of the last will and testament of the deceased.

The respondent, Division of World Missions of the Board of Missions of the Methodist Church, contends that the said bequest became effective upon payment of the said sum to the said Drew Seminary and as a result thereof should not be permitted to fail, but by application of the *cy pres* doctrine, should be entrusted to the said respondent.

It would seem that the question to be determined in connection with this proceeding is whether the deceased intended to create a specific or a general charitable trust. The *cy pres* power is a power of the court of equity alone. In the absence of special provisions in the trust instrument, the trustees, in the opinion of this court, have no power of their own motion to decide that it has become impossible or inexpedient to carry out the trust as originally planned and then to submit another scheme. It has been the ruling of the courts in applying the judicial *cy pres* rule that a distinction must be made between the cases where the settlor had a general charitable intent and the instances in which she had a narrow or a particular intent. It has been frequently held that *cy pres* is to be applied only where

the settlor intended to aid charity in general, or charity of a particular type in general and selected the means in question merely as a preferred device for aiding charity in general or the named type of charity. The courts have further held that *cy pres* is not to be used where the settlor desired to aid charity by a specific means, and intended that, if the scheme for helping charity was not available, the funds should be used for charity no longer.

If a person desires to leave a fund for the support of a particular school, he may do so with either of one or two general attitudes of mind. He may have in his thought the extension of education and the dissemination of knowledge as his primary objective, and then he may cast about for the means of accomplishing this general education charitable intent and select a named school as an instrument. Here the choice of the school is secondary and incidental. It is not a vital choice with the settlor. On the other hand, the settlor may be fundamentally interested in a certain school and leave money in trust to advance and support that school. It seems in that case that his desire may be merely to help this particular educational institution and that he has no interest in education in general or in any other scheme for extending educational advantages.

Where the intent has been narrow and exclusive the courts have felt that they would not be justified in ordering the trust or changing the application of the fund. They have believed themselves compelled to return the property to the settlor or his successors under a resulting trust, when the express trust for charity has failed for any reason.

The terms of the will of the deceased herein would indicate that the bequest was a specific, not a general, charitable trust.

In construing paragraph " Second " of the will of the deceased it becomes necessary to study the provisions of paragraph " Eighteenth " wherein the testatrix gives, devises and bequeaths all of the rest, residue and remainder of her estate " including any portion ineffectually disposed of ", to her trustees, etc. The testatrix, by inserting the above-quoted phrase in the residuary clause of her will, it seems to this court, intended to include in her residuary estate any previous bequest which could not become effective.

Since the time when the said sum of $5,000 was paid over to the said Drew Seminary there has not been any girl from Ulster County who has been educated by the income therefrom and none of the income has been paid to the Board of Foreign Mis-

sions. This court is not of the opinion that the paying over of money to a charitable trustee would give effect to a charitable trust. As a result thereof the bequest has actually lapsed for the reason that it has been ineffectually disposed of. It is impossible in this case to apply the *cy pres* doctrine. An examination of the will of the late Alice L. F. S. Koons will show that the charitable bequest was designed only to benefit the inhabitants of Ulster County. Later in her will under the " Eighteenth " clause she provided that if any bequest could not be effectually carried out that it was to become a part of her residuary estate. I believe, by the language of the will, it was intended by the testatrix that it was her wish and desire that a bequest would lapse if it could not become effective. The *cy pres* doctrine was developed to carry out the intent of the testatrix. The intent of the testatrix by the terms of her will was clearly stated and where there are specific instructions, and a charitable bequest is specific, this cannot be overlooked in construing a will.

It is the opinion of this court that the " Second " paragraph of the will of the deceased as read in connection with paragraph " Eighteenth " of the said will and the facts as presented should be construed to mean that the testatrix intended to create a specific charitable trust which bequest could not be effectually carried out and as such became an ineffectual charitable bequest and the same should become a part of the residuary estate. It is ordered that the sum be paid to the trustee of the residuary trust for the ultimate benefit for the Home For The Aged of Kingston, N. Y.

A decree upon notice may be entered accordingly.