Piersox R. Hildreth, S.
In this accounting proceeding the question is whether the New Hampshire Anti-Vivisection Society, hereinafter referred to as the “ Society ”, is entitled to receive a general monetary bequest made to it under para-g’raph ‘ ‘ twelfth ’ ’ and a share of the residuary estate made to it under paragraph ‘‘ twenty-seventh ” of decedent’s will. Two of the residuary legatees allege that the Society is not entitled to receive the bequests made to it, and request that the effect and disposition of the bequests made to it be determined. The executors also ask the court to determine and instruct as to proper disposition of the bequests.
After naming certain residuary legatees, decedent’s will provided: “If at the time of my death any of said charities has ceased to function and perform the services which it now conducts either under its present organization or through a successor, then I give, devise, bequeath and appoint the part of my residuary estate hereinabove given to such charity in equal shares to such of the remaining of such charities as are still functioning.”
The Society has been duly served in this proceeding but has neither appeared nor answered and is in default. The burden of proof is on the legatee to establish its right to qualify for the legacies. (Matter of Cromwell, 198 Misc. 114 ; Hughes v. Stoutenburgh, 168 App. Div. 512 ; see, also, Matter of Foster, 173 Misc. 1024.) It has not met that burden and wholly failed to show entitlement to the legacies. Furthermore, the proofs submitted by the executors show that the Society for all intents and purposes ceased to function several years ago and became and is inactive. Notice of probate was returned with notation “ gone ten years ” and “unclaimed”. The Portsmouth, New Hampshire, post-office records showed no address, the Secretary of State of New Hampshire terms the legatee as “an inactive corporation ’ ’ on the official records, other inquiries brought replies such as “ exhausted about every possibility ” to locate, “ folded up some time back,” failed “to track down.” Correspondence with a president or former president of the Society who was advised of this proceeding likewise confirms that the legatee is inactive and has ceased to function.
*941 Having ceased operations and being incapable of performing the functions for which formed, the legatee should not take even though it is assumed that it may be in existence. (Matter of Walter, 150 Misc. 512 ; Matter of Hare, 1 Misc 2d 114.)
The testatrix was quite clear and definite that she did not intend any legacy to pass to any legatee that was inactive or that had ceased to function. In such case she also expressly provided for an alternative gift over to other legatees which were active and functioning organizations. Considering the will as a whole, the court is of the opinion that this restriction and the substitutional gift to the other residuary legatees applies to the legacy under paragraph “ twelfth ” as well as to the residuary bequest. (Livingston v. Ward, 247 N. Y. 97.) With provision made for a gift over, the cy pres doctrine is not applicable. (Matter of Fletcher, 280 N. Y. 86.)
Accordingly, the court determines that the Society is not entitled to the bequests made to it under paragraph “ twelfth ” and under paragraph “twenty-seventh” of decedent’s will, and that such bequests shall be distributed under the residuary clause equally among such of the remaining residuary legatees as were functioning at the time of decedent’s death.
No objection has been made to the other requests of the executor set forth in the account.