S. Samuel Di Falco, S.
The testator in paragraph 4 of article eighth of his will gave a part of his residuary estate to his trustee with directions that the income thereof be paid or applied by the trustee ‘6 to such employee or employees of H. L. Creen Company, Inc., as my Trustee in its sole and absolute discretion, shall from time to time deem to be in need and worthy of financial assistance. * * * For this purpose my Trustee shall be empowered, in its discretion, to form or procure the formation of a charitable corporation organized under the laws of the State of New York. In the event of dissolution or other termination of IT. L. Creen Company, Inc., I direct that the principal of this trust shall be applied to charitable or benevolent purposes as *386 nearly as may be like to my purpose herein expressed in behalf of the employees of H. L. Green Company, Inc.”
In or about June, 1961 the H. L. Green Company, Inc., was merged into and with the McCrory Corporation and ceased to exist as a separate corporate entity. It became an integral part of the McCrory Corporation and its employees became and have remained the employees of the McCrory Corporation. However, as a result of the merger it is now impossible to comply with the literal provisions of paragraph 4 of article eighth of the decedent’s will.
It is a well-established principle of law that when a will discloses a general charitable intent the court, whenever possible, will effectuate that intent by applying the most liberal rules of construction (Matter of Durbrow, 245 N. Y. 469). This rule will be followed and the dominant charitable intent of the testator will be sustained even though, as in the case at bar, there has been a change in circumstances since the execution of the will which defeats the particular charitable intent of the testator (Matter of Neher, 279 N. Y. 370; Matter of Lawless, 194 Misc. 844, affd. 277 App. Div. 1045; Real Property Law, § 113, subd. 2).
The general charitable intent of the testator to benefit the employees of H. L. Green Company, Inc., is apparent and his realization of the fact that the gift might fail because of the dissolution or termination of the H. L. Green Company, Inc., was taken into consideration and was provided for by him. Under these circumstances the duty of the court to exercise its cy pres powers in order to effectuate the general charitable purpose of the testator is more than merely a matter of discretion (Sherman v. Richmond Hose Co., 230 N. Y. 462; St. Joseph’s Hosp. v. Bennett, 281 N. Y. 115; City Bank Farmers Trust Co. v. Arnold, 283 N. Y. 184; Matter of Scott, 8 N Y 2d 419). The court, therefore, directs the trustee to continue to hold the fund and to apply the income thereof for the use and benefit of the employees of the McCrory Corporation who, in the sole discretion of the trustee, shall in the words of the testator “ be in need and worthy of financial assistance.”