Nathan R. Sobel, S.
The executor has presented for construction paragraph Fifth of testator’s will. He contends that the charitable disposition, made therein has ‘1 failed ’ ’ and in consequence the disposition falls into the residuary. The charitable beneficiary and the Attorney-General contend that the cy pres doctrine (EPTL 8-1.1) should be applied. So far as pertinent the disposition provides: “ fifth : I give and bequeath the sum of twenty thousand dollars ($20,000) to Brooklyn preparatory school — to be used to create and found “ the bdward bingham GOEHRINGER and ANNA DALTON GOEHRINGER SCHOLARSHIP FUND ’ ’ in perpetuity, to provide funds for the education of boys chosen by the administrators of Brooklyn Preparatory School. — If for any reason this bequest fails, the said sum shall become a part of my residuary estate.”
Testator died November 7, 1970. On that date Brooklyn Preparatory School was in existence. At a meeting held May 28,1971, the Regents of the University of the State of New York, in response to a petition of the trustees of Brooklyn Preparatory School voted to dissolve the school on June 30, 1972, the close of the academic year. The trustees applied to the Supreme Court for an order of distribution (Education Law, § 220). The order dated July 8, 1971, in addition to providing for distribution of the real estate and other tangible assets, provided that all scholarship funds be distributed to other Jesuit secondary schools for scholarships for the underprivileged.
Our statutes under which charitable corporations may be dissolved and their assets distributed (viz. Education Law, § 220; Not-For-Profit Corporation Law, §§ 1005, 1008) are not quite like cy pres statutes such as EPTL 8-1.1. Under the cy pres statutes, courts are governed by the intention of the creator or *147 testator expressed or presumed cy pres i.e. “ so near or as near ’ ’ as can be ascertained. In ordering distribution under the dissolution statutes, the Supreme Court is not concerned with the directions or intentions of the creator or testator but only that the funds be transferred to a charitable recipient having similar purposes to the dissolved charitable corporation. (Matter of Richmond County Soc. for Prevention of Cruelty to Children [Staten Is. Mental Health Soc.— Children’s Aid Soc.], 11 A D 2d 236, affd. 9 N Y 2d 913.) The dissolution statutes are however statutes as fully effective as the cy pres statute. Nevertheless it has been the custom, in such dissolution proceedings, as is now being done here, to also present separately to the Supreme Court or the Surrogate’s Court the cy pres issue as well. (See Matter of Syracuse Univ. [Hendricks], 1 Misc 2d 904, affd. 3 A D 2d 890, affd. 4 N Y 2d 744.) As will be observed later, it is often unnecessary in a dissolution proceeding to determine the applicability of cypres.
The application of cy pres may become necessary under a variety of circumstances other than the dissolution of the charitable beneficiary.
There may be inadequacy of funds to effectuate the intention of the testator. This may result in an original failure or “lapse”. (See, e.g., Matter of Lewis, 308 N. Y. 795; Matter of Swan, 237 App. Div. 454, affd. sub nom. Matter of St. John’s Church of Mt. Morris, 263 N. Y. 638.) Or there may be because of inadequacy of funds a subsequent failure after vesting. (See Matter of Neher, 279 N. Y. 370.) The purpose of the gift may before vesting no longer be necessary. (Matter of Scott, 8 N Y 2d 419.) Or the purpose may have been fully accomplished after vesting. (Matter of Potter, 307 N. Y. 504.)
So too with respect to the nonexistence of the charitable recipient. There may be an original failure or lapse. An original failure may exist at the date of death of testator. An original failure or lapse may exist at the termination of an intervening life estate. The charitable beneficiary may have dissolved, merged, or have been taken over by the State or municipality or been nationalized by a foreign government in the intervening period between execution of the will and date of death or during the intervening life estate. A great number of cases have dealt with such situations. (Matter of Zumstine, 13 A D 2d 780, affd. 10 N Y 2d 957; Matter of Syracuse Univ. [Heffron], 3 N Y 2d 665; Matter of Ablett, 3 N Y 2d 261; Matter of Bishop, 3 N Y 2d 294; Matter of Price, 264 App. Div. 29, affd. 289 N. Y. 751; Saltsman v. Greene, 136 Misc. 497, affd. 231 App. Div. 781, affd. *148 256 N. Y. 636; Wright v. Wright, 225 N. Y. 329; Matter of Aker, 21 A D 2d 935; Matter of Harrington, 243 App. Div. 235; Matter of Dunton, 28 Misc 2d 939; Matter of Swope, 204 Misc. 510.)
The very same circumstances mentioned which cause an original failure or lapse may result in a “ failure ” after the charitable gift has vested, viz.: dissolution, merger, consolidation, nationalization, etc. (Matter of Syracuse Univ. [Hendricks], 1 Misc 2d 904, affd. 3 A D 2d 890, affd. 4 N Y 2d 744, supra; Matter of Neher, 279 N. Y. 370, supra; Sherman v. Richmond Hose Co., 230 N. Y. 462; Rose v. Hawley, 118 N. Y. 502; Van de Bogert v. Reformed Dutch Church of Poughkeepsie, 219 App. Div. 220; Matter of Bowne, 11 Misc 2d 597; Matter of Lee, 3 Misc 2d 1072; Matter of Clark, 1 Misc 2d 869; Matter of Stuart, 183 Misc. 20.)
This distinction between an original failure or lapse and a subsequent failure after vesting, although rarely articulated, is often of controlling influence in applying the cy pres doctrine.
In applying cy pres we must be mindful that courts have no more power to make wills for the dead than contracts for the living. Therefore basic to that determination is the intention of the testator. A broad generality is that the cy pres doctrine (EPTL 8-1.1) will be applied (though impossible to carry out fully testator’s expressed desires) if from the will as a whole there may be discerned a primary intention of the testator to devote his property to a general charitable purpose rather than to give the gift to a. particular charity or for a particular purpose. Where the issue arises because of the nonexistence, merger or dissolution of the charitable beneficiary, the test applied is —if a general charitable purpose is primary and the particular beneficiary is only secondary, cy pres will be applied. On the other hand if the particular beneficiary is primary and the general charitable purpose only secondary then cy pres will not be applied. (Cf. Matter of Syracuse Univ. [Hendricks], 1 Misc 2d 904, affd. 3 A D 2d 890, affd. 4 N Y 2d 744, supra, with Matter of Syracuse Univ. [Heffron], 3 N Y 2d 665, supra.) However, a close scrutiny of the cases will establish that a specific intent will be found quite frequently where there is an original failure or lapse; but infrequently, indeed almost never, when there has been a failure after vesting. (Matter of Scott, 8 N Y 2d 419, supra; Matter of Merritt, 280 N. Y. 391; Matter of Aker, 21 A D 2d 935, supra; Matter of Syracuse Univ. [Heffron], 3 N Y 2d 665, supra.) The reason is clear. The testator does not perhaps foresee the possible failure of his gift. But when he does, he generally does not look ahead beyond the vesting of the gift. Up to the point of vesting he may very well have an intention *149 to benefit a particular institution. But all institutions must ultimately fail, if not soon after vesting then decades later. Of course, those dispositions which are outright gifts will have then been consumed. Those which are in charitable trust (EPTL 8-1.1 [a]) and not consumed will invariably be subjected to cy pres. The reasons — -this is what most testators probably intend should the gift fail long after vesting: judicial policy favoring charitable gifts prompts courts to find a general charitable intent.
Another most significant indicia of general versus particular intent is the presence or absence of a specific gift over in the event that the" charitable disposition fails. Such a gift over must be in the form of a specific direction to pay the disposition to another charitable beneficiary, to an individual or to the residuary legatees in the event that the gift fails. The presence of such a gift over is a clear manifestation that testator had a particular rather than general charitable intention. Contra, the absence of a specific gift over is a manifestation that testator had a general charitable intent.
Here too the cases distinguish between a gift over in the event of an original failure or lapse and a failure after vesting of the charitable trust.
If there is a specific gift over in the event of an original failure or lapse this is a clear declaration by the testator of his specific intention that if the charitable bequest does not for any reason take effect then he desires an alternative disposition. In such a case the specific gift over will almost conclusively preclude any determination that he had other than an intent to benefit the particular charity. (Matter of Zumstine, 13 A D 2d 780, affd. 10 N Y 2d 957, supra; Matter of Fletcher, 280 N. Y. 86, s. c. 259 App. Div. 335; Matter of Fowler, 43 N. Y. S. 2d 94, affd. 268 App. Div. 788; Matter of Martin, 58 Misc 2d 851; Matter of Dunton, 28 Misc 2d 939, supra; Matter of Koons, 206 Misc. 856.) If there is no gift over and an original failure or lapse, the court must then determine on the basis of testator’s intention (general or particular) whether cy pres should be applied. (Matter of Neher, 279 N. Y. 370, supra [cy pres applied]; Matter of Swan, 237 App. Div. 454, affd. sub nom. Matter of St. John’s Church of Mt. Morris, supra [cy pres applied]; Matter of Merritt, 280 N. Y. 391, supra [no cy pres]; Saltsman v. Greene, 136 Misc. 497, affd. 231 App. Div. 781, affd. 256 N. Y. 636, supra [no cy pres]; Wright v. Wright, 225 N. Y. 329, supra [no cy pres]; Matter of Aker, 21 A D 2d 935, supra [no cy pres].)
But, where the charitable disposition has vested and there is no specific gift over, cy pres will invariably be applied. (Matter *150 of Neher, 279 N. Y. 370, supra; Matter of Bowne, 11 Misc 2d 597, supra; Matter of Clark, 1 Misc 2d 869, supra [gift over but no specific].) Indeed if the subsequent (after vesting) failure is due to the dissolution of a charitable corporation, there is no necessity for an independent cy pres proceeding. Trust assets already vested in a charitable corporation and not subject to be divested may be distributed under the dissolution statutes alone. The Attorney-iQ-eneral, however, must be a party. (EPTL 8-1.4.)
Where the charitable disposition is vested but subject to be divested by a gift over, then a cy pres proceeding is necessary. The gift over provision will receive close judicial scrutiny. Divesting conditions subsequent or limiting or forfeiting conditions are not favored. (Rose v. Hawley, 118 N. Y. 502, supra; see, also, De Kay v. Board of Educ. of Cent. School Dist. No. 2 of Town of Bath, 20 Misc 2d 881 and cases cited; cf. Evans v. Abney, 396 U. S. 435 [divesting statute].) The first inquiry is whether the gift over provision was intended to become effective only in the event of an original failure or lapse or is in fact and law a divesting condition. (Sherman v. Richmond Hose Co., 230 N. Y. 462, 470; Matter of Stuart, 183 Misc. 20, 24.) If the gift over provision was intended as a true divesting condition subsequent, limiting or forfeiting then, as noted, it is not favored. No case in this jurisdiction has found such a condition subsequent to vesting of a charitable disposition sufficiently .specific to be enforced. In Matter of Potter (307 N. Y. 504, 510) the gift over provided “ Any diversion of this fund * * * from the exclusive education of the children of the poor shall be deemed a forfeiture of the trust and in such case I bequeath the
* * * fund to [the residuary legatees] ”. The trust was for a private school which 100 years later was absorbed into the public school system. The court found the forfeiture condition ineffective solely because the fund could continue to be devoted to the general purpose of benefiting poor children. The forfeiture condition is set forth by this court as an example of the kind of express divesting condition, subsequent, limiting or forfeiting, which might very well be enforced even after the charitable trust has vested. Matter of Syracuse Univ. (Heffron) (3 N Y 2d 665, supra) cited in both briefs on this point is not relevant to this discussion because there was no express gift over. The petition was by the executor on behalf of the intestate distributees who claimed under intestacy statutes not. by reason of an express divesting condition.
*151 We return to the discussion of the. instant will and its paragraph FIFTH.
Based on the preceding discussion of the general principles applicable, this court concludes:
(1) The charitable disposition to Brooklyn Preparatory School vested on the date of death of testator. It does not matter that the funds have not as yet been paid over. The general principle of law is the same whether the charitable trust vested only a few weeks before dissolution or for several decades.
(2) The gift over provision — “ If for any reason this bequest fails, the said sum shall become part of my residuary estate ” was not intended as an express divesting or forfeiting condition after vesting. To the contrary the gift over was intended to become effective only in the event of an original failure or lapse at the outset not after vesting. It is like the gift over provision in Sherman v. Richmond Hose Co. (230 N. Y. 462, 470): “ Is the gift which vested in the hose company, therefore, subject to a conditional limitation? Was that the intention of the testatrix? Does the language of the will require such a construction? If ‘ the legacy shall lapse or fail or for any cause not take effect. ’ It is conceded that at the time of Mrs. Kenny’s death it neither lapsed nor failed and that it did take effect. But it is said that a condition is to he implied and if at any time thereafter the legatee was dissolved, then the legacy failed and the condition was broken. We cannot think so. In construing the will it is to be remembered that such conditions are not favored. The intention to create them must clearly appear. * * # Further, the gift over speaks as of Mrs. Kenny’s death. Then it is to be decided whether the legacy has lapsed or failed or does not take effect. A lapsed legacy ‘ is one that has never vested or taken effect. ’ [citation] The word ‘ failed ’ has a similar meaning. That such was her intent appears from the will itself. ’ ’
(3) It is concluded that cy pres should be applied; that testator had a general charitable purpose to benefit indigent students rather than a purpose to benefit particularly Brooklyn Preparatory School. Cy pres is applied and the directions of the Supreme Court will be made the directions of this court unless the parties desire a different disposition.
The parties, including the Attorney-General, have requested a decision on the issues of law. Decree is stayed pending conference with the parties on the other issues.