OPINION OF THE COURT
George E. Severson, S.
The decedent died testate, a resident of Schenectady County on July 9, 1978. Thereafter, a petition for probate of the decedent’s last will and testament was filed and the will was admitted to probate on August 11, 1978. Paragraph "5A” of the decedent’s will provides for a bequest of $1,000 to the Glenridge Hospital of Schenectady "with the wish and desire that a room be refurnished in said hospital” in memory of Catherine M. Lambert, the decedent’s cousin, in appreciation of their fine care and attention to Catherine. On January 11, 1979, a notice renouncing this legacy was filed with the court on behalf of the board of managers of the Glenridge Hospital. The executrix of the decedent’s estate has since petitioned the court for judicial settlement of her account and has submitted *968 a proposed decree which, if signed, would ratify and confirm this renunciation. Any questions that may arise as to the disposition of this legacy must be resolved prior to the signing and entry of a decree herein.
The Glenridge Hospital was a public hospital, operated by Schenectady County pursuant to the General Municipal Law. For approximately one year the hospital has ceased to operate as an acute care facility by reason of fiscal difficulties. There has been a continuing public debate between both members of the hospital’s board of managers and among public officials as to the proper use of this facility. These are matters of public knowledge of which the court takes judicial notice (People ex rel. Smoake v Morrow, 58 Misc 2d 266, 268; see, also, Fisch, New York Evidence [2d ed], § 1063).
Despite the uncertainty as to the future status of the hospital, the board of managers chose to reject the legacy created by the decedent. No authority in the hospital’s board of managers on their own initiative to unilaterally renounce this disposition is shown or claimed. The General Municipal Law governs the creation and operation of public hospitals and grants the authority to administer gifts of the kind in question to the governing board of the municipality responsible for such facility. Section 126 of the General Municipal Law provides that the governing board "shall have the following powers: * * * 3. To accept and hold in trust for the county, town, city or village of which it is the governing board, any grant or devise of land, or any gift or bequest of money or other personal property, or any donation to be applied, principal or income, or both, for the benefit of said hospital, and apply the same in accordance with the terms of the gift.” It appears from the information before the court at this time that the county board of representatives, not the hospital’s board of managers has the authority to accept and administer gifts of this kind. By implication then it would seem that only the county board of representatives has the authority to renounce or reject a bequest. This court believes it must take judicial notice of this statute and afford the County of Schenectady the opportunity to be heard prior to a decree being entered.
Accordingly, the court on its own motion directs that a supplemental citation issue to the County of Schenectady, the board of managers of Glenridge Hospital and the Attorney- *969 General’s office for purpose of settling this possible issue prior to the entry of the decree herein.