opinion of the court
George E. Severson, S.
In this final accounting, a problem has arisen as to the payment of a legacy. The decedent died testate on July 9, 1978. Her last will and testament dated March 28, 1977 was admitted to probate on August 11, 1978.
Her distributees were a brother and a sister to whom she left $5,000 each. She left other cash legacies (none exceeding $2,000), totaling $13,000, to various friends, more distant relatives and institutions. Her residuary beneficiary is State Street Presbyterian Church in Schenectady. The gross estate totals $141,000.
Among the cash legacies is the following provision in the will: “fifth: To the Institutions listed below I bequeath the following: A. To Glenridge Hospital of Schenectady, New *303 York and in Appreciation of their fine care and attention to my beloved cousin, Catherine M. Lambert, the sum of One Thousand ($1,000.00) Dollars with the wish and desire that a room be furnished in said hospital in her memory”.
Paragraph sixth is pertinent, “sixth: If * * * any of the institutions named in Paragraph ‘fifth’ shall not be in existence at the time of my death, then the bequests to such * * * institutions shall lapse and same to become a part of my Residuary Estate hereinafter disposed of.”
On January 11, 1979, a notice renouncing this legacy was filed with the court on behalf of the board of managers of the Glenridge Hospital. Thereafter on December 7,1979 the court rendered a decision questioning the authority of the board of managers of the Glenridge Hospital to make such a renunciation (Matter of Wagner, 101 Misc 2d 967). The decision directed that a supplemental citation issue to the County of Schenectady, the board of managers and the Attorney-General of the State of New York to determine the legality of the renunciation and the ultimate disposition of the legacy.
On the return date of the supplemental citation, the board of managers defaulted in appearing. No authority was ever submitted to support its right or power to reject the legacy in question. The renunciation is rejected. (General Municipal Law, § 126, subd 3.) By inference, this power rests in the governing body of the county. The problem now is what to do with the legacy to the Glenridge Hospital.
The residuary legatee, the church, appeared by attorney and took no further part, indicating that whatever the courts decide would be agreeable to it.
In view of the events hereinafter set forth, the court is now asked as to the disposition of this legacy. Hearing dates to give the parties the opportunity to offer proof were made and adjourned from time to time. The Attorney-General and the Schenectady County Attorney’s office submitted memoranda of law, but nothing further was done. Finally on its own motion a date was selected by the court and the parties were given notice that on December 10, 1981 each party would have the opportunity to offer *304 proof or to submit such additional proper affidavits or memoranda as they deemed advised. The only appearance was by the County Attorney’s office. No testimony was taken so this decision must be made on the papers properly before the court.
No one questions the fact that on the day of decedent’s death, July 9, 1978, Glenridge Hospital was functioning but in financial and other trouble and winding down as an acute care hospital facility. Thereafter the county board by resolution 258-78 of which the court takes judicial notice (CPLR 4511, subd [b]) dated September 27, 1978 voted to close Glenridge as an acute care hospital facility as of December 31, 1978. There were some plans and efforts to continue the physical plant in some fashion as a public nursing or health related facility which failed. The real property is in the process of being sold. The Attorney-General urges that the proceeds of this legacy can never be a part of the county general fund but should be given to a like institution. The county urges that the proceeds be used by it in some other health related county function. The estate takes no position despite the gift-over provisions of paragraph sixth of the will, nor does the residuary legatee, a church.
At this juncture should be mentioned the fact that the Glenridge Hospital was the recipient of other funds by legacy or inter vivos gift from other benefactors, held in a fund entitled “Expendable Trust Fund”. The disposition of that fund is, at present, in litigation in Supreme Court. It was suggested that this proceeding could be consolidated with the Supreme Court one, but no such application has ever been made. One party asserted it would oppose such practice alleging the issues to be different there than here, the legacy never having been paid.
For many years this county maintained a facility on the premises in question for prevention, diagnosis and treatment of tuberculosis. After this illness became less of a problem, and prior to the executioh of the will in question, the hospital expanded its services and became known as Glenridge Hospital, an acute care facility. This hospital was initiated and sponsored by the county making it a public hospital. The administration was delegated to a *305 board of managers. The record is also sparse as to the complete powers and duties of this board. Funding for the hospital budget was primarily done through general appropriation by the county board. It was, therefore, publicly funded.
The record here is again sparse as to the reason Catherine M. Lambert, decedent’s cousin, was in the hospital or when. The gift was in appreciation for the fine care and treatment rendered this person while there.
The gift vested at the death of the testatrix. (Sherman v Richmond Hose Co., 230 NY 462; Matter of Bowne, 11 Misc 2d 597; Matter of Clark, 1 Misc 2d 869.) This conclusion distinguishes this case from Matter of Aker (21 AD2d 935) where the legatee was not in existence at the termination of a life estate, the time selected by the decedent for the payment of the legacy in that case. (See, also, Matter of Goehringer, 69 Misc 2d 145.) In Goehringer (supra), the legatee was in existence when decedent died but dissolved shortly thereafter. The legacy was held vested and subject to the cy pres rule despite a gift over.
The provisions of EPTL 8-1.1 (subds [b], [c]) are applicable to this case. Here, the only contingency was that Glenridge Hospital “not be in existence at the time of my death”. The legacy was vested but not paid when Glenridge Hospital was dissolved.
As already mentioned, though the parties were given ample opportunity to present testimony concerning the background of the testatrix and her cousin, the patient, none chose to do so. The record indicates that testatrix was over 82 years of age when she executed her will and wished to express her appreciation for the “fine care and attention” given to her cousin. The precatory language states a wish and desire that a room be furnished in Glenridge in her memory. This is now impossible.
Material to the discussion are the provisions of section 126 of the General Municipal Law.
“§ 126. Establishment of public general hospitals
“The governing board of any county, town, city or village may by resolution determine that there shall be in said county, town, city or village a public general hospital for *306 the care and treatment of the sick and in any county not having a tuberculosis hospital established under sections forty-five to forty-nine-e, both inclusive, of the county law, said public general hospital may include a pavilion or other provision for the care of tuberculosis patients. In any city in which a board of estimate and apportionment or other board is required to approve appropriations for public purposes, the resolution of the governing board to establish a public general hospital shall be effective only after the necessary appropriation for lands and buildings for such public general hospital shall have been approved by said board of estimate and apportionment or other board, in the same manner and by the same vote by which it is required by law to approve other appropriations for public purposes. When the governing board of any county, town, city or village shall have voted to establish a public general hospital, such governing board shall have the following powers * * *
“3. To accept and hold in trust for the county, town, city or village of which it is the governing board, any grant or devise of land, or any gift or bequest of money or other personal property, or any donation to be applied, principal or income, or both, for the benefit of said hospital, and apply the same in accordance with the terms of the gift.”
This provision seems to indicate that title to a bequest to a county hospital vests in the county as a trustee to be held for the hospital and to be applied in accordance with the terms of the gift. At this juncture it should be mentioned then that this statutory mandate somewhat distinguishes this case from nearly all other reported cy pres applications in that title to the property in other cases has vested in the particular institution. Here, the county set up the health care institution which through the years benefited residents of Schenectady County and others and evolved over the years to what became Glenridge Hospital. Since decedent’s gift vested prior to the dissolution of this facility, title was and is in the County of Schenectady as a statutory trustee, but application of the fund cannot be made to Glenridge Hospital. In view of the language of the will expressing the motive of the gift and the amount, it would seem more appropriate for the legacy to be used on another *307 public Schenectady County health related facility rather than another hospital or facility or program on which there is nothing in this record. Schenectady County does have a health and care facility which recently received a major expansion program known as Glendale Home, Health Related and Skilled Nursing Facility. It has a trained nursing staff; a medical staff and facilities for medical and dental services; accommodations for patients requiring skilled nursing facilities; therapy; together with other services which would certainly qualify for care and attention to a person such as the testatrix who was over 82 years of age when she executed her will.
It would seem to best serve the wishes and intent of this testatrix that this bequest be held in trust by the County of Schenectady under statutory guidelines for the benefit of Glendale Home. Its future use must be health related in a medical sense. The wish expressed in the will that the legacy be used to furnish a room is precatory, not mandatory. All parties agree on this. The legacy can never become a part of the general funds of the county. Some indirect benefit is possible, but Glenridge was a public hospital funded in the general budget as is Glendale so the distinction in this regard is nonexistent. It tends to fortify any argument advanced that the testatrix intended to benefit a public institution then funded in part by the public rather than a private or semiprivate one.