Otto C. Jaeger, S.
In this trustee’s accounting proceeding the court is asked to construe the will to determine the persons to whom the trust remainder should be distributed.
The testator died in 1926 leaving a will dated June 27, 1922 which was duly admitted to probate. In paragraph 11 third ” of the will he created a trust consisting of one half of the residuary estate and directed the trustee ‘ ‘ to pay over to my son, Alphonzo Pelham, the net income during the term of his natural life and at his death to pay said trust fund to his lawful issue if any. And in the event of his dying without leaving lawful issue living then said principal trust fund to go to my heirs at law.”
The testator was survived by his two sons, Alphonzo and Eugene. Alphonzo, the life beneficiary, died in 1968. He had no natural children, but was survived by his two adopted children both of whom were born after the testator’s death. The other son, Eugene, .died in 1939. He had two natural children, both of whom were born during the lifetime of the testator and are alive today. As discussed more fully below, it is these children of Eugene who are the testator’s “ heirs at law ”, as that term is used in the will. They are entitled to the remainder in the event that the life beneficiary died ‘ ‘ without leaving lawful issue living ”. Since the life beneficiary left only adopted children, it is necesary to determine whether adopted children qualify as his “ issue ”.
At the time the wilt was executed and at the time of the testator’s death, section 114 of the Domestic Relations Law provided that in relation to “ the passing and limitation over ” of property “ dependent * ” * on the foster parent dying without heirs ” the foster child “ is not deemed the child of the foster parent so as to defeat the rights of remaindermen”. This 1 ‘ precautionary addendum ’ ’ was designed ‘1 to prevent the device of an adoption from being used to cut off a remainder which would have followed had there been no child ”. (Matter of Park, 15 N Y 2d 413, 416.) It is directly applicable here *379 unless 11 it affirmatively appears from the context of the will * * * and the extraneous facts proper'to be considered that the grantor intended to include adopted children (Matter of Rockefeller [Hubbard], 12 N Y 2d 124, 134). Neither the text of this will nor the extraneous facts reveal such an intention. Indeed, the fact that the testator never knew the adopted children and that the adoption took place after his death, tend to point toward the opposite conclusion (Matter of Upjohn, 304 N. Y. 366).
The presumption in favor of adopted children enunciated in Matter of Park (15 N Y 2d 413) and reaffirmed in Matter of Silberman (23 N Y 2d 98) is controlling only where the “ precautionary addendum” is, by its terms, inapplicable. In both cases, ‘ ‘ unlike the case at bar, there was a natural child of the foster parent alive which negated the applicability of the ‘ precautionary addendum ’ of the statute ’ ’. (Matter of Carll, 34 A D 2d 793, 794.)
The court construes the will as excluding the adopted children of the life beneficiary from the class designated as his “ issue ”.
Since the life beneficiary died without issue, the remainder is payable to testator’s “heirs at law”. A question is presented as to whether the members of that class are to be ascertained as of the date of the testator’s death or as of the death of the life beneficiary.
The general rule of construction is that where, as here, the remainder to heirs is contingent and substitutional, the class of remaindermen should be determined as of the death of the life beneficiary (Matter of Sayre, 1 A D 2d 475, affd. 2 N Y 2d 929; Matter of Fishel, 167 Misc. 145, affd. 256 App. Div. 915, mot. for lv. to app. den. 280 N. Y. 851; Matter of Powers, 27 Misc 2d 179), No reason appears for deviating from that rule in the present ease.
The provisions of paragraph “ thibd ” indicate that in disposing of the remainder, the attention of the testator was focused on but one point in time — the date of death of the life beneficiary. The remainder was to go to the issue of the beneficiary if in fact he had issue living at that time. In the event that the beneficiary had no issue then living, the remainder was to be paid to testator’s heirs at law. Whether or not the heirs would take could only be determined as of the death of the life beneficiary. It is most unlikely that the testator had a different time in mind for the purpose of determining the heirs entitled to share in the remainder than he had in mind for the purpose of determining whether heirs would share at all. *380 If the will were construed as referring to heirs ascertained as of the testator’s death, the class would consist of testator’s two sons, Eugene and Alphonzo, both now deceased. They are the same persons who would take as intestate distributees had the testator made no alternative gift of the remainder. When, however, the will is construed as referring to heirs ascertained as of the death of the life beneficiary, the members of the class are the two children of Eugene. This construction 1 ‘ breathes meaning into the clause creating the remainder to heirs, rather than treating it simply as a pointless direction that the law take its course ” (Matter Sayre, 1 A D 2d 475, 481, supra).
The trust remainder should be distributed to testator’s heirs determined as of the death of the life beneficiary and the will is so construed.