Otto C. Jaeger, S.
In this final trustee’s accounting, the court is asked to determine the right of an adopted daughter of a deceased remainderman of the trust to take as his issue.
Decedent died in 1905. In article Twelfth of her will dated April 11, 1902 she created four equal trusts of her residuary estate, one for the benefit of each of her children. The trust provisions were essentially the same and gave the net income to the named child for life, remainder to the issue of the child, but in the event of failure of issue, then the remainder was given to the other children who survived and issue of deceased children per stirpes.
One of the trusts was for the benefit of decedent’s son, Hiram who, at the time of his death on September 30, 1950 was survived by a son, a daughter and an adopted daughter. In the accounting proceeding by the trustee of his trust, a construction of article Twelfth was requested to determine whether or not the adopted daughter was entitled to share with the other children in the remainder of his trust. The court held the residue of the trust to be “ distributable solely to the * * * blood descendants, to the exclusion of the adopted child ”. The court said 11 A consideration of the surrounding circumstances at the time of the execution of the will and the codcil thereto, fails to supply any evidence that the testatrix intended to include adopted children of the income beneficiary.” (Matter of Eagan, 110 N. Y. S. 2d 438, 440).
Estelle, a daughter of decedent, died May 30, 1953 without issue, and again in the accounting proceeding by the trustee of her trust, a construction of article Twelfth was requested to determine whether the adopted daughter of Hiram was entitled to share under the alternate provision allowing decedent’s children and issue of a deceased child to share per stirpes in the trust remainder where the income beneficiary died without issue. The court held that ‘1 In the absence of a contrary intention the word ‘ issue ’ is interpreted in its primary sense as referring to descendants and not to children by adoption. (New York Life Ins. & Trust Co., v. Viele, 161 N. Y. 11.) There is no evidence *1008 of intention that the term ‘ issue ’ was here employed in any other sense.” (Matter of Eagan, 204 Misc. 856, 857.)
Julia A. Woodland, another daughter of decedent, died September 25, 1970 without issue and in this accounting proceeding of the trust for her benefit, the trustee’s petition states that “ the law applicable to distribution of remainders, with respect to adopted children, has been considerably broadened since the aforesaid decisions of this court ’ ’ and once again requests a construction of article Twelfth to determine whether or not Hiram’s adopted child is entitled to share in the distribution of the trust remainder.
The two previous decisions in this estate were based on decisional law which required an examination of the will in its entirety together with the background of facts and circumstances existing when the will was drawn, in order to ascertain testator’s intention with respect to inclusion of adopted children and give effect thereto. When the then Surrogate construed this testator’s will on the two prior occasions, he found no evidence of testator’s intention to include adopted children as issue entitled to share in the remainder of the trust accounted for. However, in Matter of Park (15 N Y 2d 413, 416, 417), the Court of Appeals made a ‘1 fresh reading ’ ’ of the provisions of the statute on adoptions (Domestic Relations Law, § 117) and its predecessor statutes “ in effect in New York for almost 80 years ” and concluded that1 ‘ A testator * * * must know that in the light of New York policy a foster child has exactly the same 1 legal relation ’ to the parent as a natural child. In the absence of an explicit purpose stated in the will or a trust instrument to exclude such a child, he must be deemed included, whether the word ‘ heir ’, ‘ child ’, ‘ issue ’, or other generic term expressing the parent-child relationship is used.” “This presumption, as stated in Park, can only be rebutted by ‘ an explicit purpose stated in the will’.” (Matter of Silberman, 23 N Y 2d 98, 109.) “ In short, prior to Park the presumption was to exclude in the absence of intention to include. Park reversed that presumption: — the presumption is to include unless the evidence establishes a purpose to exclude.” (Matter of Henderson, 64 Misc 2d 280, 286.) The precautionary addendum in section 117 of the Domestic Relations Law (as it formerly read but omitted in reenactment of the section by chapter 406 of the Laws of 1963 and made effective prospectively as to estates of persons dying after March 1, 1964) has no application here because, as in Matter of Park (supra), there is natural issue as well as the adopted child to take Hiram’s share. The addendum *1009 was intended to prevent the device of an adoption from being used to cut off a remainder which would take effect where there is no natural child (Matter of Park, supra).
A question has been raised also as to whether or not the previous determinations made on the construction of article Twelfth are res judicata and the law of the case. However, each previous construction question involved only a particular paragraph under article Twelfth. Testatrix had created four separate and distinct trusts — one for each of her children under article Twelfth. Each trust was separately identified and separately managed by the trustee. When the previous trust proceedings were finally settled, a construction of the particular paragraph pertaining to that trust was made and the persons cited were those interested at the time in the proceeding. Some of them, but not all, are also interested in the present proceeding. The decrees made in the former proceedings were final decrees and no one seeks to change them. The construction placed on the particular paragraph of the present trust will in no way destroy or impair the rights or interests established by the previous constructions and the decrees made thereunder. The construction by the court of the two trusts previously accounted for is not res judicata in the present independent proceeding (Masten v. Olcott, 101 N. Y. 152; Cook v. Conners, 215 N. Y. 175). The previous constructions do not make the law of this case but are confined in their operation to the independent proceedings wherein such constructions were made.
Accordingly, in a “ fresh reading ’ ’ of article Twelfth of decedent’s will, the court concludes that Hiram’s adopted daughter is entitled to share with Hiram’s other children in his share of the remainder of Julia’s trust.
There being no objection, the value of the legal services by the attorney for the trustee inclusive of those through settlement of the decree and distribution thereunder, is fixed and determined in the amount requested. The decree shall provide for the payment of the difference between the amount herein fixed and any sums heretofore paid on account.