S. Samuel Di Falco, S.
The fiduciary asks the court to construe articles fourth and sixth of decedent’s will to the effect that decedent created two residuary trusts rather than a single residuary trust. Article fourth disposes of the entire residuary estate in trust during the lifetime of an aunt. The trustee is directed to hold the residuary estate “asa unitrust ”. Upon the death of the life beneficiary the principal balance of the trust is to be paid in equal shares to four remaindermen, two *123 of whom are charitable organizations. The other two are private individuals. Both the execution of the will and the death of the testator occurred after the effective date of the Tax Reform Act of 1969 but prior to the adoption of the regulations promulgated thereunder. Section 1.664-3 (subd. [a], par. [6], cl. [i] of title 26 of the Code of Federal Regulations requires that the entire corpus of the trust be irrevocably transferred to the charitable organizations described in subdivision (c) of section 170 of the Internal Revenue Code in order to qualify for the charitable deduction.
It appears that the Internal Revenue Service has heretofore made a determination that while the unitrust created by the decedent otherwise qualified for a charitable deduction under section 2055 of the code, the fact that the entire corpus did not pass to charity would disqualify the estate from tax deduction.
A reading of the entire will discloses the purpose of the decedent to create a charitable remainder trust which would qualify for an estate tax deduction. The language employed in articles fourth and sixth indicates an overriding intention to comply with the Federal law. The testator knew what a unitrust was and he disclosed an effort to comply with all the requirements of the Federal statute. He carefully provided for the annual payments in the manner required by law. In article sixth of his will he said: “ D. The unitrust created hereunder is intended to qualify as a charitable remainder unitrust as defined in Section 664 (a) and, notwithstanding any provision of this Will, shall be administered in such manner as provided for a charitable remainder unitrust under said section.” (Emphasis supplied.) In the same article he directed that notwithstanding the additional powers conferred upon his fiduciary, no fiduciary could engage in any act, make any expenditure, retain any asset or make any investment so as to incur tax liability under Internal Revenue Code sections 4941, 4942, 4943 (subd. [c]), or 4945 (subd. [d]), and he added: “ The purpose of this paragraph is to comply with the provisions of Section 508 (e) to the extent such provisions are applicable to the unitrust.”
Inasmuch as the regulations as finally adopted were not available to him at the time his testamentary scheme was formulated, it is understandable that the directions which would accord precisely with the regulations were not, and could not, be given.
While it is true that the will does not expressly provide that the residuary estate be divided into two separate trusts, the intention to preserve the charitable unitrust remainder does *124 appear from the testator’s expressions throughout the will. His dominant purpose can be achieved only by implying the direction to create, preserve and maintain the two separate trusts. Accordingly, to preserve the testamentary scheme of the decedent and his revealed purpose of keeping the trust provisions within the guidelines of the Internal Revenue Code and of the declared public policy of the United States and the State of New York, the court determines that two separate residuary trusts are created, one half of the residuary estate being held for the benefit of Anita F. Friedlander during her lifetime, with the remainder going in equal parts to Lynn Byron and Augusta Selligman; and one half of the residuary estate being held' as a charitable remainder unitrust for the benefit of Anita F. Fried-lander during her lifetimé with the remainder going in equal parts to two duly qualified charities, William Alanson White Institute of Psychiatry and American Association for the Advancement of Science.