Louis D. Laurino, S.
This is an application for a construction of decedent’s will so as to conform with the provisions of the Tax Reform Act of 1969, and particularly for a finding that said will should be construed so as to allow the estate to obtain an estate tax charitable deduction for the trust remainder interest passing to certain charities under said will.
In his will dated December 3, 1974, testator provided that his residuary estate was to be held in trust for the benefit of his mother, during her lifetime, and upon her death certain dollar amounts ($20,000) were to be paid to three named legatees and the balance of the residuary estate was to be distributed in four equal shares to the Federation of Jewish Philanthropies of New York, the Anti-Defamation League of B’nai B’rith, the World Union for Progressive Judaism and the United Jewish Appeal of Greater New York, Inc. Testator died on June 22, 1975 and his will was admitted to probate on May 21, 1976. Testator’s mother survived him and is now about 80 years of age.
It is the contention of the executor that the draftsman of the will was not familiar with the complex rules which have evolved since the Tax Reform Act of 1969 was adopted with respect to the availability of the estate tax charitable deduction for trust remainder interests left under a will to charity, and that unless the necessary will reformation is provided by the court the estate will not be entitled to obtain a charitable deduction with respect to the remainder interest passing to the four charities on the death of testator’s mother. If this occurs, it is alleged that the estate tax liability will increase in excess of $40,000.
*374 The Tax Reform Act of 1969 permits a tax deduction for a charitable remainder trust if it is a charitable remainder annuity trust or a charitable remainder unitrust. (See Internal Revenue Code of 1954 [US Code, tit 26, § 2055, subd (e), par (2), cl (A)].) Section 664 of the Internal Revenue Code defines a charitable remainder annuity trust as one "from which a sum certain (which is not less than 5 per cent of the initial net fair market value of all property placed in trust) is to be paid, not less often than annually, to one or more persons (at least one of which is not an organization described in section 170(c) and, in the case of individuals, only to an individual who is living at the time of the creation of the trust) for a term of years (not in excess of 20 years) or for the life or lives of such individual or individuals”. A charitable remainder unitrust differs from the above only insofar as a "fixed percentage” (which is not less than 5%) of the net fair market value of its assets, valued annually, is to be paid to one or more persons. There are two respects in which testator’s will fails to meet the requirements of the Internal Revenue Code and the regulations applicable thereto relating to the allowance of the charitable deduction. First, the will provides that after the death of testator’s mother, the remainder interests are to be distributed to both charitable and noncharitable remaindermen in violation of the provisions of section 664 (subd [d], par [1], cl [C]; par [2], cl [C]) and, secondly, the interest of testator’s mother is in a trust which is neither a charitable remainder annuity nor unitrust as defined in subdivision (d) of section 664.
Testator’s estate involves assets of approximately $300,000. Aside from leaving the income to his mother for as long as she lived, testator left almost his entire estate to four charities. There is no question as to testator’s paramount intention. The minimal individual or private bequests do not detract from his primary concern that following the death of his mother, the charities be the ultimate beneficiaries of substantially his entire estate. The court will reform or modify a trust where it is clear that the creator’s primary concern was to obtain a charitable deduction and this objective could not be achieved because the draftsman failed to comply with the provisions of the 1969 Tax Reform Act. (Matter of Larus, 78 Misc 2d 122; Matter of Stalp, 79 Misc 2d 412; Matter of Hammer, 81 Misc 2d 25.) As was stated by Surrogate Sobel in Matter of Stalp, (supra, p 416) "It requires no extended discussion of local *375 (New York) law to establish that our public policy favors charitable giving. (Matter of Neher, 279 N. Y. 370; Matter of Merritt, 254 App. Div. 292). And Federal tax law disfavors denial of charitable deductions on technical grounds. (Lederer v. Stockton, 260 U. S. 3, 8.) Tax laws which are purposed to create incentives for charitable giving, may not be narrowly construed since they are 'liberalizations of the law in the taxpayer’s favor * * * begotten from motives of public policy’ (Helvering v. Bliss, 293 U. S. 144, 151).”
This court agrees with the petitioner that the testator’s will reflects the required charitable intent which would permit the trust to be amended or reformed. As proposed in the petition, the residuary estate will be divided into two separate trusts, one being funded with $20,200 to be deposited in an interest bearing savings account and to provide that the income therefrom is to be paid to testator’s mother for life and upon her death the sum of $20,000 will be distributed to the individual legatees in accordance with the provisions of testator’s will. The balance of $200 will be retained by the trustee for payment of its commissions. The second separate trust to be created will be a 6% charitable remainder unitrust in accordance with section 664 (subd [d], par [2]) of the Internal Revenue Code, which will include the balance of the estate assets and from which the income will be paid to testator’s mother during her life; and, upon her death, the principal will be paid to the four charitable legatees mentioned in decedent’s will. It is important to note that all interested parties, including the life income beneficiary, have been served with citation to show cause why the decedent’s will should not be construed so as to conform with the provisions of the Tax Reform Act of 1969, and no one has appeared in opposition.
In granting petitioner’s application for reformation of the will, this court is fully aware of section 2055 (subd [e], par [3]) of the Internal Revenue Code, which currently provides that reformation proceedings must be instituted no later than December 31, 1975 with respect to wills executed before September 21, 1974. The decedent’s will before this court was executed December 3, 1974 and the present reformation proceedings in connection with said will were begun after December 31, 1975. At first blush, the cut-off dates for the execution of the will and the institution of reformation proceedings appear to pose a problem. However, this court cannot permit these technical requirements of the law to frustrate the *376 clearly expressed intention of the testator and the public policy of our State and Federal Governments. In Helvering v Bliss (293 US 144, supra) the United States Supreme Court stated (pp 150-151): "The exemption of income devoted to charity and the reduction of the rate of tax on capital gains were liberalizations of the law in the taxpayer’s favor, were begotten from motives of public policy, and are not to be narrowly construed”. In Matter of Neher (279 NY 370, supra) wherein it was contended that the Surrogate had no power to change the terms of a trust and the general purpose of the devise, the New York Court of Appeals stated that the grafted direction as to the manner in which the gift is to be used (p 374) "may be ignored when compliance is altogether impracticable and the gift may be executed cy pres through a scheme to be framed by the court for carrying out the general charitable purpose.” In Matter of Merritt (254 App Div 292, 295, supra) the Appellate Division, Second Department, stated: "it is incumbent upon the courts to strive to enforce as far as possible a charitable bequest or trust regardless of any deficiencies of the form in which it is made or of any practical difficulties which render impossible strict compliance with the terms of the gift, provided only that in so doing the courts effectuate the essential or dominant charitable intention of the testator”.
In an analogous situation (Matter of Stalp, 79 Misc 2d 412, supra), the Surrogate of Kings County granted reformation despite the fact that at the time of his decision on October 1, 1974, the last date for the commencement of a judicial proceeding to reform the decedent’s will was December 31, 1972. In that case, the testatrix had died on October 4, 1973, which was already beyond the cut-off date for instituting reformation proceedings. However, because of the many problems created by the Tax Reform Act of 1969, both the members of the Bar and the public had had insufficient time in which to become acquainted with the many ramifications of the law, and hence there was pending before Congress a bill to extend the last date to commence a reformation proceeding to December 31, 1975. Despite the technical violation of the then existing law, the Surrogate, nevertheless, granted reformation. Incidentally, thereafter on October 26, 1974, Internal Revenue Code (§ 2055, subd [e], par [3]) was enacted setting December 31, 1975 as the deadline for amending a charitable remainder trust, and this as to wills executed prior to September 21, 1974. This is the present state of the law.
*377 Because of its complexity and the many problems created by the Tax Reform Act of 1969, it became necessary to modify and amend the administrative regulations effectuating the numerous provisions of the act. The two years which have elapsed since the last change in the cut-off date to reform charitable trusts have only slightly enhanced the exposure of legal practitioners and the public to the law. Recognizing this, there is now pending in the Congress of the United States legislation (Tax Reform Bill HR 10612) extending the period of time within which to submit reformation applications to December 31, 1977 and making same applicable to wills and trusts executed on or before December 31, 1977. The court believes that the proposed legislation has received, the blessings of the respective and appropriate congressional committees and that passage thereof is due to take place shortly. Based upon the substantial public interest involved and the prior history of the Tax Reform Act transitional provisions extending the effective dates, enactment of the pending legislation appears to be assured.
To construe and reform the will as requested will permit the income beneficiary to receive the income the deceased intended for her to receive and will at the same time carry out the principal purpose of the deceased concerning the ultimate disposition of the bulk of the estate to the charitable remaindermen, undiminished and undiluted by substantial taxes. Accordingly, the petition submitted in this proceeding for the construction of the will of the deceased is granted. The trustee is directed to administer the trusts in accordance with EPTL 8-1.8 and the relevant provisions of the Internal Revenue Code and the regulations thereunder.