OPINION OF THE COURT
Evans V. Brewster, S.
Five of the six charitable income and remaindermen of 90% of a residuary trust petition for a construction of article fifth of decedent’s will in order to obtain a tax charitable deduction. In his will dated March 14, 1979, decedent provided for the residuary estate to be held in trust, giving 90% of both income and principal for the benefit of six named local charities and the income from 10% for the benefit of a friend for a period ending 15 years after testator’s death (which occurred on Nov. 26, 1981) or until the friend’s death, whichever shall occur first. The remainder of the 10% was bequeathed to an Israeli charity. Upon the termination of this 10% share held in trust, the trust for the 90% income bequest to the six charities is also terminated and the principal and any accumulated income is directed to be paid to the same six local charities in the same stated proportions. However, the residuary trust as set forth in the will runs afoul of the requirements of the Internal Revenue Code and regulations applicable *387 thereto relating to the allowance of a charitable deduction, since it combines in one article, tax exempt charitable bequests with an ordinary noncharitable bequest. The 10% split interest to benefit decedent’s friend with remainder to charity is neither a charitable remainder annuity or uni-trust as defined in the Internal Revenue Code entitling it to a charitable deduction. As set forth in the will, the trust remainder will generate an estate tax liability exceeding $500,000.
There is no question about the testator’s paramount intention. The over-all intent to benefit charity is evident not only from the ultimate disposition of the residuary estate to charity but also from the fact that the largest preresiduary bequest of $25,000 is to another charity while 10 individuals receive various amounts totaling $80,000, with the largest bequest to an individual being $15,000. Further, the decedent did not appear to have an overriding desire to provide for his friend who received only the income from 10% of the residuary at the expense of charity, for the shorter period of her lifetime or 15 years from decedent’s death. Thus while giving the six New York based charities the economic benefit of income from 90% of his residuary immediately, he was unwilling to defer payment of principal to them for more than 15 years, regardless of the fact that his friend may still be living at that time and regardless of her possible needs.
The court will reform or modify a trust where it is clear that the creator’s primary concern was to favor charities and obtain a charitable deduction and where because of the draftsman’s apparent unfamiliarity with the complex rules which have evolved since the adoption of the Tax Reform Act, such obvious intent may be frustrated. “It requires no extended discussion of local (New York) law to establish that our public policy favors charitable giving. (Matter of Neher, 279 N. Y. 370; Matter of Merritt, 254 App. Div. 292.) And Federal tax law disfavors denial of charitable deductions on technical grounds. (Lederer v. Stockton, 260 U. S. 3, 8.) Tax laws which are proposed to create incentives for charitable giving, may not be narrowly construed since they are liberalizations of the law in the taxpayer’s favor * * * begotten from motives of public policy’ (Helver *388 ing v. Bliss, 293 U. S. 144, 151.” (Matter of Stalp, 79 Misc 2d 412, 416.)
It has long been recognized that where errors of draftsmanship have occurred, courts may save trusts which are contrary to technical requirements of law and it is immaterial if the “mistake” in the instrument is a mistake of fact or law or even a mistake in the tax consequences resulting from the method of creation of the trust. (See 4 Scott, Trusts [3d ed], § 333.4.) “[I]t is incumbent upon the courts to strive to enforce as far as possible a charitable bequest or trust regardless of any deficiencies of the form in which it is made or of any practical difficulties which render impossible strict compliance with the terms of the gift, provided only that in so doing the courts effectuate the essential or dominant charitable intention of the testator.” (Matter of Merritt, 254 App Div 292, 295, supra.)
The doctrine of segregation has been likewise applied to trusts where the corpus of a single trust may be divided into parts where there are more than one separable income interests (Matter of Rayvid, 88 Misc 2d 372).
“[I]t may logically be applied to segregate from an otherwise qualifying charitable deduction trust, a private * * * interest which disqualifies the charitable deduction.
“Under the doctrine permitting reformation because of ‘mistake’ and as well as under the ‘segregation’ doctrine, the court authorizes the executors” to segregate the balance of the residuary to be set up “as a trust with all income payable to [a named hospital] with corpus payable to the [said] hospital upon the death” of the measuring life. “Such a trust, irrespective of when created, is entitled to the charitable deduction since not a split-interest trust but one exclusively for charitable purposes.” (Matter of Stalp, supra, p 417.) The doctrine of segregation has been utilized by the courts on numerous occasions to obtain an estate tax charitable deduction for the estate as intended by the testator. (See, also, Matter of Larus, 78 Misc 2d 122; Matter of Hammer, 81 Misc 2d 25; Matter of Annesley, 108 Misc 2d 53.)
Accordingly, to preserve the testamentary scheme of the testator, keeping the trust provisions within the guidelines *389 of the Internal Revenue Code and of the declared public policy of the United States and the State of New York, the court construes article fifth of decedent’s will to create two separate trusts, one trust of 10% of the residuary estate with the income therefrom to be paid to decedent’s friend for a period of 15 years from decedent’s death or until the death of the friend, if sooner, with the remainder therefrom to be paid to the named Israeli charity, and another trust of 90% of the residuary estate with the income payable to the six local charities named therein for a period of 15 years from decedent’s death or until the death of decedent’s friend whichever event sooner occurs, with the principal together with accumulated income to be paid thereupon to the same six local charities in the same proportions as specified in the will. The two trusts shall provide for the payment of the income at intervals as stated in clause (a) of article fifth of decedent’s will. The court further determines that the 90% trust shall be deemed to contain all the relevant provisions required by the Internal Revenue Code and regulations thereunder as a trust solely for charitable purposes so that the trust qualifies as a charitable trust giving the estate a charitable deduction for the aforesaid bequest, and that the charitable trust be administered in accordance with EPTL 8-1.8 and the relevant provisions of the Internal Revenue Code and regulations relating thereto.
In granting petitioners’ application for the construction of article fifth of decedent’s will, the court is fully aware that the time within which reformation proceedings must be instituted under the Internal Revenue Code, has expired. However, there is no question of the decedent’s paramount intention of benefiting charities. To fail to relieve this estate from the catastrophic impact of estate taxes would defeat the decedent’s intent by substantially reducing the funds available for charitable purposes and would be inconsistent with reason and justice.