OPINION OF THE COURT
Ernest L. Signorelli, S.
In this miscellaneous proceeding, the petitioners request a construction of article tenth of the decedent’s will, which would enable one half the trust created thereunder to qualify as qualified terminable interest property for purposes of the marital deduction under section 2056 (subd [b], par [7]) of the Internal Revenue Code ([of 1954], US Code, tit 26).
Jurisdiction has been obtained over the necessary parties to this proceeding, and no one has appeared in opposition to the relief requested by the petitioners.
The decedent died on the 3rd day of May, 1983, survived by his spouse, Mildred, and his daughter, Barbara. Pursuant to the pertinent provisions of his last will and testament, dated July 22, 1982, the decedent, after making *602 specific disposition of his real and tangible personal property (articles seventh and eighth), created a marital deduction trust for the benefit of his surviving spouse (article ninth), and, thereafter, devised and bequeathed the rest, residue and remainder of his estate, in trust, as follows:
“tenth: All the rest, residue and remainder of my estate, both real and personal and wherever situate, which shall belong to me or be subject to my disposal at the time of my death (my ‘residuary estate’), I give, devise and bequeath to my trustees, hereinafter named, in trust nevertheless, to hold, manage, invest and reinvest the same and pay over or apply the net income therefrom to my wife, Mildred e. avery, and my daughter, barbara e. avery, share and share alike and to the survivor of them, and upon the death of my said wife, Mildred e. avery, said trust shall terminate and the entire corpus thereof and any accrued or accumulated income thereon shall be paid over or distributed in kind to my daughter, barbara e. avery, to her, use, absolutely and forever.
“In the event at that time the said barbara e. avery shall not be living and shall be survived by issue, then and in that event I give, devise and bequeath said remainder to her said issue per stirpes, to their respective uses, absolutely and forever, and in the event the said barbara e. avery, should not then be living and not be survived by issue, then I give, devise and bequeath such remainder to the intestate heirs of the said barbara e. avery as determined under the succession laws of the State of New York, to their respective uses, absolutely and forever.”
The decedent’s will was admitted to probate on June 9, 1983, and letters testamentary and of trusteeship were issued thereon to the petitioners herein.
On December 14, 1983, the decedent’s daughter filed a renunciation and disclaimer of her interest in the aforesaid article tenth residuary trust, limited, by its terms, to her right to receive' one half the accrued or accumulated income of the trust, remaining upon the death of her mother, the decedent’s spouse, and attributable to her mother’s income interest thereunder. In all other respects, the dece *603 dent’s daughter retained all rights and interests she had to one half the income and the entire corpus of the trust estate.
Pursuant to EPTL 2-1.11 (subd [d]), the effect of the said renunciation by the decedent’s daughter, was to accelerate all subsequent interests in the accrued or accumulated income of the article tenth trust to the same extent as if the decedent’s daughter had died at the time of its filing with the court.
Article tenth provides that, in the event of the death of the decedent’s daughter prior to the termination of the trust created thereunder, the entire corpus thereof, together with any accrued or accumulated income, is to be transferred and paid over to her issue in equal shares per stirpes, or, if none, to her intestate heirs. On the date of filing the renunciation with the court, the decedent’s daughter had no living issue, her only living heir being her mother, the decedent’s spouse. Thus, as a consequence of the aforesaid renunciation, and the provisions of the decedent’s will, the decedent’s spouse and his daughter are each now entitled to one half the accrued or accumulated income of the article tenth trust estate.
On this basis, the petitioners request that article tenth of the decedent’s will be construed to create two separate, but equal, testamentary trusts for the benefit of his surviving spouse and daughter, during the lifetime of his spouse. By virtue of this construction, the petitioners hope to qualify the wife’s trust as qualified terminable interest property for purposes of the marital deduction pursuant to the provisions of section 2056 (subd [b], par [7]) of the Internal Revenue Code.
Qualified terminable interest property is defined, for estate tax purposes, as property passing from a spouse in which the transferee spouse is entitled to all the income, payable at least annually, for life, and no person has the power to appoint any part of the property to any person other than the surviving spouse. (Internal Revenue Code, § 2056, subd [b], par [7], cl [B], subcls [i], [ii].) Furthermore, any undistributed income must be included in the spouse’s estate at his or her death, and the spouse cannot have *604 power of appointment or a power to direct distribution of principal to any other beneficiary. (Internal Revenue Code, § 2056, subd [b], par [7].)
The effect of acceding to the construction posited by the petitioners would be to create a benefit for the decedent’s heirs, inasmuch as it would defer the payment of estate taxes on the marital share of his residuary estate until the death of his spouse.
The prime consideration in these proceedings, as in all construction proceedings, is the intention of the testator as expressed in his will. This intention is not to be gleaned by focusing upon any one sentence or provision of the testamentary instrument, but must be ascertained from a review of the document in its entirety, upon consideration of all the facts and circumstances under which it was framed (Matter of Thall, 18 NY2d 186, 192; Matter of Fabbri, 2 NY2d 236, 240), and with a proclivity in favor of the testator’s surviving spouse (Matter of Tonetti, 53 Misc 2d 501, and cases cited thereunder).
Examined in this light, the court, particularly in view of the preresiduary marital trust established in the will, cannot forego recognizing that the decedent wished to impose a minimal tax burden upon his spouse, as the primary beneficiary of his estate, and, correspondingly, afford her with a source of income sufficient enough to sustain her financial needs during her lifetime.
The construction proposed not only accommodates this dual purpose, but, additionally, fulfills the decedent’s evident plan of enabling his wife and daughter to benefit equally from the income of the article tenth trust estate, and his daughter to ultimately derive the benefit from the entire corpus.
While it is true that the decedent did not expressly provide that his residuary estate be divided into two separate trusts, it is clear that his testamentary desires can only be achieved by implying such a direction in article TENTH Of his Will.
The doctrine of segregation has been applied to permit the corpus of a single trust, having more than one separable income interest, to be divided into parts, where, to do *605 otherwise, would frustrate the decedent’s intentions. (Matter of Kander, 115 Misc 2d 386; Matter of Stalp, 79 Misc 2d 412; Matter of Larus, 78 Misc 2d 122.) It has frequently been applied to prevent disqualification of a charitable deduction trust (Matter of Kander, supra; Matter of Stalp, supra; Matter of Larus, supra), and, as such, may logically be applied to enable a trust to qualify for the marital deduction. (See Matter of Stalp, supra.) Indeed, “ ‘[s]ince the unqualified right to receive one-half of the total net income produced by a given sum is equivalent to the right to receive the entire net income from one-half of a like sum, the court may regard the provisions of the [decedent’s] will as dividing the residuary estate into two equal parts with the entire net income of one of such parts payable to [his] widow’ ” (Matter of Tonetti, 53 Misc 2d 501, 506, supra, citing Matter of Thall, 57 NYS2d 698, 701, and cases cited thereunder).
Accordingly, the court grants the relief requested by the petitioners, and construes article tenth of the decedent will to read as follows:
“tenth: All the rest, residue and remainder of my estate, both real and personal and wherever situate, which shall belong to me or be subject to my disposal at the time of my death (my ‘residuary estate’), shall be divided into such number of equal shares, not in excess of two (2) as may be effectively disposed of pursuant to Sections A and B hereof:
“A. I give, devise and bequeath one (1) such equal share to the trustees, hereinafter named, of the trust created hereunder, in trust, to hold, manage, invest and reinvest the same, and pay over or apply the net income therefrom, at least annually, to my wife, mildred e. avery, during her lifetime. Upon the death of my said wife, mildred e. avery, said trust shall terminate and the entire corpus thereof, and any accrued or accumulated income thereon, shall be paid over or distributed in kind, to my daughter, barbara e. avery, if living, or if not then living, to her then living issue, in equal shares per stirpes, or if none, to the intestate heirs of the said barbara e. avery as determined under the succession laws of the State of New York, to their respective uses, absolutely and forever.
*606 “B. I give, devise and bequeath one (1) such equal share to the trustees, hereinafter named, of the trust created hereunder, in trust, to hold, manage, invest and reinvest the same, and pay over or apply the net income therefrom, at least annually, to my daughter, barbara e. avery. Upon the death of my wife, mildred e. avery, said trust shall terminate and the entire corpus thereof, and any accrued or accumulated income thereon, shall be paid over or distributed in kind, to my daughter, barbara e. avery, if living, or if not then living, to her then living issue, in equal shares per stirpes, or if none, to the intestate heirs of the said barbara e. avery, as determined under the succession laws of the State of New York, to their respective uses, absolutely and forever. In the event that my said daughter, barbara e. avery, should fail to survive my wife, mildred e. avery, then, upon the death of barbara e. avery, the trustees shall continue to hold the trust estate created hereunder, in trust, to manage, invest and reinvest the same, and pay over or apply the net income therefrom, at least annually, to my said wife, mildred e. avery, during her lifetime. Upon the death of my said wife, mildred e. avery, said trust shall terminate and the entire corpus thereof and any accrued or accumulated income thereon, shall be paid over or distributed in kind, to the then living issue of my daughter, barbara e. avery, in equal shares, per stirpes, or if none, to the intestate heirs of the said barbara e. avery, as determined under the succession laws of the State of New York, to their respective uses, absolutely and forever.”