■ In the Matter of the Estate of JOSEPHINE S. THOMSON, Deceased. CHARLES A. SEVERS III et al., Appellants; DOUGLAS S. THOMSON, Respondent. [642 NYS2d 32] —In a proceeding to construe a will, the appeal is from a decree of the Surrogate's Court, Westchester County (Emanuelli, S.), dated September 26, 1994, which granted the petition and vested and accelerated the petitioner's remainder interest.

Ordered that the decree is affirmed, with costs.

Contrary to the appellants' contention, the first future estate of the unborn contingent remaindermen was defeated in a manner for which the testator had provided, and the vesting of the residuary estate in the petitioner, the next contingent remainderman, did not violate EPTL 6-5.10. Pursuant to EPTL 2-1.11 (d), by filing a timely and valid renunciation, the life tenants were deemed to have predeceased the testator. Since the renunciation by the life tenants was equivalent to their death and since a life estate is deemed to terminate upon the death of the life tenants (*see, Matter of Burk,* 298 NY 450, 456; *Matter of Pergament,* 8 Misc. 2d 233, 240), once the life tenants renounced their interest, the remainder interest was no longer contingent and was capable of immediate acceleration (9 Rohan, NY Civ Prac-EPTL ¶ 2-1.11 [3] [h]). Moreover, since the remainder interest vests upon the death of the life tenants (*see, Matter of Potter,* 68 Misc 2d 745, 747; *Matter of Pelham,* 63 Misc 2d 377, 379) and since the life tenants' renunciation is equivalent to their death (*see, Matter of Avery,* 124 Misc 2d 601, 603; *Matter of Chadbourne,* 92 Misc 2d 648, 649; *Matter of Mixter,* 83 Misc 2d 290, 292), the class of remaindermen was determinative as of the renunciation of the life tenants. The first future estate failed to vest because there were no contingent remaindermen in being when the remainder interest vested upon the renunciation of the life tenants. Consequently, pursuant to EPTL 6-5.3, when the first future estate failed to vest, the next contingent remainder interest in succession, namely that of the petitioner, was substituted for the first future estate, and it properly took effect immediately. Accordingly, the petitioner's interest, as the next eventual estate, was properly accelerated by the court and was payable to the petitioner outright (*see, Matter of Avery, supra,* at 603; *Matter of Chadbourne, supra,* at 651).

We have reviewed the appellants' remaining contentions and find them to be without merit. Thompson, J. P., Sullivan, Joy and Florio, JJ., concur.